IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-78-1BO
NO. 7:16-CR-156-BO

| | |
|---|---|
| THADDEUS MAURICE HICKMAN, ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion, conceding that the relief which petitioner seeks is warranted.

## BACKGROUND

Petitioner was sentenced to a term of 120 months' imprisonment and five years' supervised release after pleading guilty to one count of possession with intent to distribute 500 grams or more of cocaine in violation of 18 U.S.C. § 841(A)(1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(G)(1) and 924. Petitioner did not appeal. On June 16, 2016, petitioner, through counsel, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner contends that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In

*Newbold*, the Fourth Circuit required a state offense, to qualify as a serious drug offense for purposes of § 924(e)(2)(A), to have "aggravating factors supporting a sentence within the aggravated range." *Newbold*, 791 F.3d at 463. The Court required the existence of aggravating factors even when the defendant received a consolidated sentence with other offenses. *Id.*

The government, having waived its procedural defenses, and petitioner both agree that—in light of *Newbold*—petitioner's 1992 convictions for possession with intent to sell or deliver cocaine are no longer serious drug offenses for purposes of § 924(e). Without three predicate offenses, Petitioner no longer qualifies for enhancement under § 924(e). Petitioner's guideline range was enhanced by his armed career criminal status, and he was not otherwise a career offender. [PSR at 15, ¶¶ 59-65]. The Court agrees, and holds that resentencing of petitioner without application of the Armed Career Criminal Act is warranted.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 49] is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice.

SO ORDERED, this 15 day of November, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE